10-748-cv
Bridget Gladwin v. Rocco Pozzi and County of Westchester

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand and ten.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                    *Circuit Judges*.

_____

BRIDGET GLADWIN,

                                     *Plaintiff-Appellant*,

              -v-                                              10-748-cv

ROCCO POZZI, sued in his individual capacity,
COUNTY OF WESTCHESTER,

                                     *Defendants-Appellees*.

_____

Appearing for Appellant:     Christopher D. Watkins, Goshen, N.Y.

Appearing for Appellee:      Robert F. Meehan, Westchester County Attorney, Mary Lynn Nicolas-Brewster, Associate County Attorney, *of counsel*, White Plains, N.Y.

Appeal from the United States District Court for the Southern District of New York (Keenan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Bridget Gladwin ("Gladwin") commenced this action against her former employer, the County of Westchester ("County") and her former supervisor, the Westchester County Commissioner of Corrections Rocco Pozzi ("Pozzi"), alleging race discrimination under 42 U.S.C. §§ 1981 and 1983 and gender discrimination under § 1983. The County and Pozzi (collectively "defendants") moved for summary judgment, which was granted by the United States District Court for the Southern District of New York in an opinion and order dated January 21, 2010. Gladwin now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Gladwin raises one central issue, namely, that the district court erred in granting summary judgment to defendants because Gladwin had proffered sufficient evidence of race and gender discrimination under §§ 1981 and 1983 to survive the motion. We disagree, and affirm the district court's judgment in its entirety.

As an initial matter, we review a district court's grant of summary judgment de novo. *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 87 (2d Cir. 2008). Summary judgment is appropriate "only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005) (citing Fed. R. Civ. P. 56(c)). A genuine issue for the purpose of the motion exists "where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. County of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (citation omitted).

The moving party bears the burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate where the non-moving party provides no evidentiary support for an essential element of its claim for which it bears the burden of proof. *Id.* at 322-23. Nevertheless, in deciding the motion, the court must draw "all reasonable factual inferences in the light most favorable" to the non-moving party. *DeFabio v. East Hampton Union Free School Dist.*, 623 F.3d 71, 74 (2d Cir. 2010). While "courts should not 'treat discrimination differently from other ultimate questions of fact,'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993)), they should exercise caution in deciding to grant summary judgment in a case where the employer's intent is at issue, *see Holcomb v. Iona College*, 521 F.3d 130, 137 (2d Cir. 2008). In a case involving allegations of discrimination, "affidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination." *Holcomb*, 521 F.3d at 137 (citation and quotation marks omitted).

In June of 2001, after a nationwide search, Gladwin, an African-American woman, was hired by Pozzi for the position of Deputy Commissioner at Westchester County Department of Corrections ("WCDOC"). Out of the forty-nine candidates that applied for the position, forty-one were male and eight were female.

At the time she was hired, Gladwin became the sole Deputy Commissioner in WCDOC. Her responsibilities included overseeing the Women's Division of the jail, the Food and Medical contract monitors, the Administrative area, Program Services, and Pastoral Care. In April of 2002, Pozzi hired Clyde Isley ("Isley"), an African-American man, for the position of Second

2

Deputy Commissioner.  After his appointment, Gladwin was promoted to First Deputy Commissioner.  In May of 2002, Joseph Miranda ("Miranda"), a white male, had his position as Chief of Operations changed to Second Deputy Commissioner, like Isley.  Gladwin was tasked with assigning Isley and Miranda job responsibilities.

On January 3, 2006, Pozzi informed Gladwin that she was fired.  Pozzi explained that the reason for her termination was "a series of things," such as "complaints that I had been getting on a daily basis from staff . . . complaining about her management style."  Pozzi specified "to some degree, she was a micromanager. I think she acknowledged that on several occasions."  During her deposition, Gladwin admitted to having been called a "micro-manager" in Westchester, explaining her management style as "trying to make sure things are done in a timely way and you don't have surprises."  Gladwin was replaced by Joseph Spano ("Spano"), who was appointed Deputy Commissioner by Pozzi after Gladwin's termination.

As the district court noted, Gladwin's § 1981 claims are encompassed by her § 1983 claims, and both are therefore analyzed under § 1983.  *See Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 735 (1989) (holding that the "'action at law' provided by § 1983 . . . provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor").  To state a claim under § 1983 against Pozzi, Gladwin must show that: (1) Pozzi was acting under color of state law and (2) Pozzi's conduct deprived Gladwin of a constitutional or a federal statutory right.  *See Washington v. County of Rockland*, 373 F.3d 310, 315 (2d Cir. 2004).  It is undisputed that Pozzi acted under color of state law; the issue before us is thus whether Gladwin was deprived of her constitutional rights. To state a claim under § 1983 against the County, Gladwin must rely on more than just a theory of respondeat superior.  *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978).  A municipality may be held liable under § 1983 where there is a deprivation of rights pursuant to a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," *see Monell*, 436 U.S. at 690, or where, as here, "the contention is not that the actions complained of were taken pursuant to a local policy" but instead that the actions were taken by an official who "had final policymaking authority in the particular area involved," *see Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000).  Antecedent to the question of whether the County may be held liable is whether Pozzi's actions can be found to have violated Gladwin's rights.  Accordingly, we begin by analyzing the claims leveled against Pozzi.

The deprivation alleged by Gladwin is race and gender discrimination.  In determining whether race and gender discrimination occurred, we employ the *McDonnell Douglas* three-part burden-shifting framework, which applies to § 1983 cases. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Sorlucco v. New York City Police Dep't*, 888 F.2d 4, 6-7 (2d Cir. 1989) (applying three-step analysis to a claim under § 1983).  First, Gladwin must establish the existence of a prima facie case.  In order to make out a prima facie case of race or gender discrimination, Gladwin must allege the following four elements: (1) she falls within a protected class, (2) she was performing her duties satisfactorily, (3) she was subject to an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of unlawful discrimination.  *See Graham Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000).  Second, after the prima facie case is satisfied, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* at 38.

3

The burden is satisfied if the employer articulates a "clear and specific" reason which, if "taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action." *Schnabel v. Abramson*, 232 F.3d 83, 88 (2d Cir. 2000) (citation and quotation marks omitted). Third, once such a reason is proffered, the burden shifts back to plaintiff who must prove that a discriminatory reason was the actual reason for the employment action. *See McDonnell Douglas*, 411 U.S. at 804. "Although intermediate evidentiary burdens shift back and forth under this framework, the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000) (citation, quotation marks and alterations omitted).

We agree with the district court that Gladwin satisfied the de minimis burden required to establish a prima facie case. *See Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 467 (2d Cir. 2001). Gladwin, an African-American female, is a member of a protected class; given that she was fired, Gladwin suffered an adverse employment action. The first and third prongs of the prima facie case are therefore satisfied. Moreover, Gladwin was never given a negative performance evaluation, and the record shows she was deemed by co-workers as "very effective," "committed" and "very efficient," thus satisfying the second prong in demonstrating she was performing her duties satisfactorily. Finally, she was replaced by Spano, a white male, thus creating circumstances giving rise to an inference of discrimination, as required by the fourth prong. *See Zimmerman v. Assocs. First Capital Corp.*, 251 F.3d 376, 381 (2d Cir. 2001) (noting that "the mere fact that plaintiff was replaced by someone outside the protected class will suffice for the required inference of discrimination at the prima facie stage").

Given that Gladwin satisfied her prima facie case, the burden then shifts to the employer, who must proffer a legitimate reason for Gladwin's termination. Defendants have met their burden by setting forth a legitimate, nondiscriminatory reason for terminating Gladwin-- specifically, her management style. Defendants' burden is not one of persuasion, and "is satisfied if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." *Texas Dep't of Comty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981). Here, defendants have identified multiple instances of friction occasioned by Gladwin's management style, both within the company and with outside vendors, that are sufficient to satisfy their burden of production, including disputes with the head of the Southern Westchester Board of Cooperative Educational Services; with members of the Pastoral Care Staff; and with the administrators of a contract for medical services.

The burden shifts once again to Gladwin to show that the actual reason for the termination was discriminatory. Gladwin has failed to do so. On appeal, Gladwin advances two main arguments to show that the reason for her termination was pretextual. First, Gladwin contests the truth of the complaints leveled against her and the origins of the disputes. Second, she argues that Pozzi tolerated different management styles from white, male subordinates. Gladwin's first argument fails. "In a discrimination case . . . we are decidedly not interested in the truth of the allegations against the plaintiff. We are interested in what motivated the employer; the factual validity of the underlying imputation against the employee is not at issue." *McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) (citation and quotation marks omitted). Accordingly, her allegations that the complaints were false, and that

the disputes were caused by different reasons than those advanced by Pozzi, do not support a finding of discriminatory animus. Her second argument is likewise unavailing. Gladwin provides evidence that Miranda, one of her subordinates, routinely yelled at Pozzi and other staff members, to which Pozzi himself concedes. As the district court noted, however, it was not the verbal outbursts standing alone that motivated Pozzi to fire Gladwin; instead, it was her management style. Pozzi and the County submitted numerous instances of disputes with Gladwin's subordinates and her colleagues as proof that her management style resulted in conflicts with others. While these disputes seemed largely a result of unfortunate personality clashes, such clashes do not amount to discrimination on the basis of gender or race. We therefore agree with the district court that no reasonable fact-finder could find that Pozzi fired Gladwin due to an unlawful discriminatory animus. [1]

Because Gladwin's claims against the County were premised on finding Pozzi liable, we dismiss those claims as well. We have considered all of Gladwin's remaining claims, and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] On appeal Gladwin argues that the district court should not have relied on the "same actor" inference. Because we conclude that the district court's reliance upon the "same actor" inference was marginal, and that its decision did not rely on the inference in any material way, we need not determine whether such an inference is warranted on the facts of this case.

5